UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIETTA NEAR,

    Plaintiff,                                    CIVIL ACTION NO. 13-13227

  v.

                                    DISTRICT JUDGE STEVEN J. MURPHY III
                                    MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION:**

Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

**II.  REPORT**

    **A.  Background and Procedural History**

Plaintiff filed an application for Social Security disability income benefits on October 5, 2010, alleging that she had been disabled and unable to work since January 31, 2009, at age 45, due to left shoulder, right hip and low back pain, as well as mental depression.

Benefits were denied by the Social Security Administration. A requested <u>de</u> <u>novo</u> hearing was held on February 7, 2012, before Administrative Law Judge (ALJ) Tammy Thames. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a limited range of light work. The Law Judge restricted claimant from jobs that exposed her to frequent stair or ladder/ramp climbing, and reaching above shoulder level with her left arm. Plaintiff retained the ability to remember, understand and carry out simple instructions, but she could not have more than occasional contact with the public or co-workers. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

     Claimant was 48 years old at the time of the administrative hearing (TR 48). She had an eleventh grade education, and had been employed as a cashier, nursing assistant, housekeeper and gas station/fast food manager (TR 153). Plaintiff acknowledged that she continued to work part-time (20 hours a week) after her alleged onset date of disability. She was employed as a housekeeper and home health aide for the Department of Community Health until the fall of 2010 (TR 50). She stopped working as a housekeeper due to severe joint pain and chronic headaches (TR 51).

     Claimant testified that she was unable to sit or stand for prolonged periods. She estimated that she could not lift more than five pounds on a regular basis (TR 62, 65). Pain

medications allegedly provided only temporary relief of her joint pain (TR 62-63). She also suffered from mental depression, but was not seeking treatment for the problem because she lacked confidence in her doctors (TR 60). Plaintiff denied having a substance abuse problem, and claimed that she had been sober for two years (TR 69).

A Vocational Expert (VE), Sue Lyon, classified Plaintiff's past work as light to medium, unskilled activity (TR 74-75). The witness explained that there would not be any jobs for claimant to perform if her testimony were fully accepted[1] (TR 78). If she were capable of light work, however, there were numerous unskilled bench assembly, inspection and packaging jobs that she could still perform with minimal vocational adjustment (TR 76). These jobs provided a sit-stand option, would not require frequent climbing, and did not involve overhead lifting or reaching above shoulder level with the left arm (TR 76). The VE added that these jobs required the understanding, remembering and carrying out of simple tasks, and involved only occasional interaction with the public or co-workers (TR 76).

### B. ALJ Determination

The Administrative Law Judge found that Plaintiff was impaired as a result of chronic pain syndrome with recurrent left shoulder, right hip and lower back pain. Claimant also suffered from depressive and poly-substance dependence disorders (TR 22). Nevertheless, the ALJ determined that Plaintiff remained capable of performing a range of light work that did not involve frequent stair, ladder and ramp climbing, or reaching above shoulder level

---

[1] The witness opined that Plaintiff's alleged need to be in a reclined position for extended periods to help reliever her joint pain would preclude work activity (TR 78).

with her left arm. The Law Judge accommodated claimant's mental limitations by restricting her to jobs where she would only have to remember, understand, and carry out simple instructions while performing tasks with no more than occasional interaction with the public or co-workers (TR 25). The ALJ found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

### C. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also

supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of light work activity. She also argues that the ALJ improperly discounted the disability opinion from her treating psychiatrist. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of her joint pain or mental difficulties.

### D. Discussion and Analysis

I suggest that substantial evidence exists on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work. The medical evidence, as a whole, fails to provide objective support for Plaintiff's allegations of severe and totally disabling functional limitations stemming from her joint pain, depression or poly-substance abuse.

Despite complaints of disabling left shoulder pain since January 2009, the medical record disclosed that Plaintiff had engaged in heavy lifting and arm twisting while working as a housekeeper through the fall of 2010 (TR 273). Clinical examination in April 2010, showed some pain on palpation and limited range of motion of the left shoulder, but the arm

was neurovascularly intact and she had no sensory deficits (TR 274). An x-ray study of the shoulder joint showed no abnormalities (TR 278).

While Plaintiff alleged that she was unable to work due to severe back pain, musculoskeletal and neurological evaluations were generally unremarkable (TR 271). Claimant was able to walk with a normal gait, and she did not exhibit any motor, sensory or reflex deficits. Plaintiff only exhibited some paraspinal tenderness (Tr. 271). A straight leg raising test, conducted in November 2009, was negative bilaterally. Claimant enjoyed full range of spinal motion, as well as full muscle strength (TR 298). An examining doctor noted possible drug seeking behavior in November 2009, due to Plaintiff's receipt of multiple Vicodin prescriptions from different doctors during the past 14 months (TR 298).

Dr. Andrew Sears, a consultative examiner, reported in January 2011, that Plaintiff was taking only Motrin to control her pain. The doctor added that the claimant had stopped taking prescribed pain medications because it purportedly made her feel "worse" (TR 311). Upon examination, Dr. Sears noted that Plaintiff was not in acute distress, and did not seem to be experiencing any neurological deficits (TR 312, 313). She was also able to walk normally with a stable gait (TR 314).

Claimant also underwent a consultative psychological evaluation at the request of the Commissioner. Nathalie Menendes, Psy.D, reported in January 2011, that Plaintiff experienced recurrent depression with psychotic features. She also suffered from a poly-substance dependence disorder (TR 318-321). Claimant never required any psychiatric

hospitalization, and she had not sought treatment for substance abuse (TR 318). Dr. Menendes concluded that Plaintiff could understand, retain, and follow one and two-step instructions, and was able to perform simple, routine, and repetitive tasks (TR 321). The psychologist opined that claimant could make independent work related decisions, and engage in abstract thinking (TR 321). Dr. Menendes stated that Plaintiff did not handle frustrating situations well, and should not be expected to be able to cope with stress or difficult situations in the work setting (TR 321). However, the psychologist believed that Plaintiff had adequate social skills, and remained capable of interacting appropriately with others (TR 321).

I further suggest that the ALJ properly discounted Plaintiff's allegations of debilitating shoulder and back symptoms because they conflicted with her reported activities. As the ALJ noted, the claimant could perform some household chores, prepare meals, ride in a car, shop at stores, watch television, talk to others, and attend church (TR 26, 160-163). Although she testified that she could perform these activities with breaks and help from family members, the ALJ reasonably concluded that they conflicted with her alleged inability to do anything with her hands and arms.

There was no objective medical evidence suggesting that she suffered severe side effects from pain medications, or that she needed to rest frequently throughout the day. The ALJ also took into consideration claimant's objectively proven functional limitations by

restricting her to simple, routine jobs that did not require frequent climbing, overhead lifting or reaching above shoulder level with her left arm.

Plaintiff relies heavily upon the fact that Dr. Darin Morse, a psychiatrist, stated in February 2012, that she was unable to undertake gainful employment of any kind (TR 349). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Morse offered little objective evidence during the relevant period to support his February 2012, statement of disability[2], his opinion need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

---

[2] The ALJ rejected the doctor's disability opinion, setting forth persuasive reasons for doing so (TR 30). The ALJ expressed concern about the lack of medical documentation to support the opinion. The Law Judge considered claimant's treatment history, which indicated primarily prescription pain medications from local emergency rooms, but no indication of any in-patient hospitalization or counseling. The ALJ also noted evidence of drug-seeking behavior, as suggested by Plaintiff's receipt of Vicodin from various emergency room doctors, as well as her admission that, in the past, she would take whatever substance she could get (TR 30, 265, 298, 320). This suggested to the ALJ that the disability statement from Dr. Morse was prepared for the sole purpose of helping the claimant qualify for benefits. Indeed, it appears the doctor's opinion was primarily based on Plaintiff's subjective complaints, rather than the objective medical evidence.

It is the rare case, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments[3], the Vocational Expert testified that there were numerous

---

[3] The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her joint pain and depression. The ALJ reasonably determined that claimant's on-going joint discomfort limited her to jobs that did not involve frequent climbing, or doing any overhead lifting. She was also limited to simple tasks that did not require complex thinking to accommodate her mental difficulties (TR 21). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

unskilled bench assembly, inspection and packaging jobs that she could still perform with minimal vocational adjustment (TR 76). These jobs provided a sit-stand option, would not require frequent climbing, and did not involve overhead lifting or reaching above shoulder level with the left arm (TR 76). The VE added that these jobs required the understanding, remembering and carrying out of simple tasks, and involved only occasional interaction with the public or co-workers (TR 76). Given the objective clinical findings of the examining physicians of record during the relevant period, I conclude that substantial evidence exists on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

### E. Conclusions

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

## III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir.

1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

    s/ *Charles E Binder*
    CHARLES E. BINDER
Dated: June 9, 2014    United States Magistrate Judge